
# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 20-0588

STATE OF MONTANA,

Plaintiff and Appellee,

v.

O R D E R

RYAN PATRICK SULLIVAN,

Defendant and Appellant.

FILED

AUG 0 2 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Plaintiff and Appellee State of Montana has moved this Court to vacate its consolidation of three pending appeals and to stay one of these matters pending the disposition of a related case. Defendant and Appellant Ryan Patrick Sullivan has responded in opposition to the State's motion.

Sullivan currently has four appeals pending before this Court, all of which originate from two criminal matters in the Thirteenth Judicial District Court, Yellowstone County, and which challenge one conviction and three revocations. In DA 20-0589, Sullivan appealed from the October 13, 2020 Judgment in the District Court's Cause No. DC-19-829, in which he was sentenced on two felony counts and two misdemeanor counts following his conviction by jury trial. In DA 20-0588, Sullivan appealed from the October 13, 2020 Order of Revocation and Imposition of Sentence of the District Court's Cause No. DC-18-321, in which the court resentenced Sullivan on a felony aggravated assault conviction. In DA 21-0282, Sullivan appealed from the April 14, 2021 Order of Revocation and Imposition of Sentence of the District Court's Cause No. DC-18-321, in which the court resentenced Sullivan on the same felony aggravated assault conviction as it had on October 13, 2020; this sentence varied from the previous in that it specified that the sentence was to run concurrently to the sentence in that court's Cause No. DC-19-829. Finally, in DA 22-0093, Sullivan appealed from the April 14, 2021 Order of Revocation and Imposition of Sentence of the District Court's Cause No. DC-19-829, which

resentenced Sullivan on the two felony counts that are the subject of our Case No. DA 20-0589.

In summary, on October 13, 2020, Sullivan was both sentenced upon conviction in DC-19-829 (appealed as DA 20-0589) and resentenced upon revocation in DC-18-321 (appealed as DA 20-0588). Then on April 14, 2021, Sullivan was both resentenced upon revocation in DC-19-829 (appealed as DA 22-0093) and resentenced upon second revocation in DC-18-321 (appealed as DA 21-0282).

On March 2, 2022, Sullivan moved, unopposed, to consolidate the three revocation cases into one appeal. This Court then ordered that DA 20-0588, DA 21-0182, and DA 22-0093 be consolidated under our Case No. DA 20-0588. On May 4, 2022, Sullivan filed his Opening Brief in that consolidated matter. On July 25, 2022, he filed his Opening Brief in DA 22-0589, the conviction after jury trial, which was not consolidated with the three revocation matters.

In the pending motion, the State argues that this Court should first resolve Sullivan's appeal of his conviction in DA 22-0589 prior to addressing Sullivan's appeal of the revocation of that conviction in DA 22-0093. The State further argues that this Court should vacate the present consolidation, allow DA 20-0588 and DA 21-0282—the first and second revocations of the District Court's Cause No. DC-18-321—to remain consolidated, and to stay DA 22-0093 pending the resolution of DA 22-0589.

Sullivan opposes the State's proposed reconfiguration of the pending appeals. He asserts that the three revocations are properly considered together because they are "inextricably intertwined." He alleges that the April 14, 2021 revocations, appealed as DA 21-0282 and DA 22-0093, arose from the same alleged violation and raise the same legal issue, while the October 13, 2020 revocation, appealed as DA 20-0588, involves the same underlying conviction as DA 21-0282. Sullivan notes that at this point, he has filed two Opening Briefs—one in the consolidated matter and the other in the standalone appeal— and to employ the State's proposed reconfiguration at this point would waste resources and delay resolution as it would require appellate counsel to redraft and refile the briefs.

We have reviewed the two Opening Briefs filed in Sullivan's appeals and we agree

2

with appellate counsel that the three revocation appeals present identical legal issues in part as well as interrelated factual and procedural matters. Moreover, once the matters are submitted for decision, this Court retains the discretion to determine whether to address the appeals in a particular order and whether to issue combined dispositions. Vacating the consolidation and directing appellate counsel to redo the opening briefing at this stage would only delay resolution of these matters.

IT IS THEREFORE ORDERED that the State's motion to vacate consolidation and stay DA 22-0093 pending resolution of DA 20-0589 is DENIED.

The Clerk is directed to give notice of this Order to all counsel of record.

Dated this 2ⁿᵈ day of August, 2022.

_____

_____

_____

_____

_____
Justices